Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE FEATHERHAT, | Case No. **'14CV1209 JM BLM** |
| Plaintiff, | COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| CIR LAW OFFICES LLP AND GE CAPITAL RETAIL BANK, | |
| Defendant | |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Katherine Featherhat, (hereinafter "Plaintiff") against CIR Law Offices LLP (hereinafter "CIR" or "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA") the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and against GE Capital Retail Bank (hereinafter "GE Capital" or "Defendant") for violations of the Rosenthal Act.

2. All undesignated section references to §1692 are to the FDCPA, and to section 1788 are to the Rosenthal Act.

3. Plaintiff makes these allegations on information and belief, with the

exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

## **JURISDICTION**

4. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

5. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## **THE PARTIES**

6. Plaintiff is a natural person residing in San Bernardino County, California.

7. Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and purportedly obligated to pay a credit card debt to GE Capital Retail Bank f/k/a GE Money Bank (hereinafter "Debt") which allegedly was in default at the time of Defendant(s) violations herein.

8. Plaintiff is a "debtor" as Civil Code section 1788.2(h) defines that term.

9. CIR is a person and/or business entity who uses instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6) and is located in this federal district.

10. Both GE Capital and CIR in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and are therefore debt collectors as that term is defined in Civil Code section 1788.2(c).

11. At all times described herein, CIR was acting on its own behalf and as the agent, servants, partners, joint ventures, and employees of GE Capital and within the

scope of its agency, authority and employment.

## **FACTUAL ALLEGATIONS**

12. At all times herein, Defendants, were attempting to collect the alleged debt from Plaintiff, that debt was a debt as defined by § 1692a (5) of the FDCPA.

13. At all times herein, Defendants, were attempting to collect the alleged debt, from Plaintiff, that debt was a consumer debt as defined by section 1788.2(f) of the Rosenthal Act. At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendants contacted Plaintiff in attempts to collect the debt.

14. Within one (1) year preceding of the filing of this Complaint, Defendant filed suit, or served a copy of that suit on Plaintiff, against Plaintiff in the Superior Court of California, attempting to collect the debt (hereinafter "State Court Action"). The State Court Action contained and was a communication within the meaning of §1692a(2) of the FDCPA.

15. Plaintiff was required to hire a lawyer and incur expenses in defending the State Court Action.

16. This Complaint constituted collection actions that had begun several years and continued with phone calls and letters.

17. The debt that defendants were attempting to collect was not owed as it was either settled and paid in full with a previous law firm or was never owed by the Plaintiff.

18. Defendant misrepresented the character, amount and legal status of the debt.

19. Defendant attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

20. Defendant collected or attempted to collect unlawful interest.

21. As a result of the above violations of the FDCPA and the Rosenthal Act,

Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

22. Because Defendant violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in Civil Code section 1788.17, this conduct or omission also violated the Rosenthal Act.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

23. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

24. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

25. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

## SECOND CLAIM FOR RELIEF
### (Claim for violations of the Rosenthal Act)

26. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief

27. Defendants' acts and omissions violated the Rosenthal Act including, but not limited to section 1788.17. Defendants' violations of section 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

28. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

29. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to section 1788.30(b) of the Rosenthal Act.

30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

31. As a proximate result of the violations by Defendants of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages and statutory damages for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendants violated the Rosenthal Act;

(4) Award of actual damages, including but not limited to emotional damages, legal fees and costs incurred in defending the State Court Action, in accordance with proof at trial, pursuant to § 1692k(a)(1) of the FDCPA and Civil Code section 1788.30(a) of the Rosenthal Act;

(5) Award of statutory damages of $1,000.00 pursuant to §1692k(a)(2)(A) of the FDCPA;

(6) An award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.30(b) of the Rosenthal Act for violation of section 1788.17 of the Rosenthal Act;

(7) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) of the FDCPA and Civil Code section 1788.30(c) of the Rosenthal Act;

(8) Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

32. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated May 13, 2014

**Lester & Associates**
By  s/ Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com